UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

RICHARD ROCK,

    Plaintiff

v.

QUABOAG REGIONAL SCHOOL DISTRICT,

    Defendant

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Richard Rock ("Plaintiff" or "Rock" hereinafter), is a natural person with a residential address of 28 Federal Street, Apt. B3, Belchertown, Hampshire County, Massachusetts.

2. The Defendant, Quaboag Regional School District ("Defendant" hereinafter) is located at 284 Old West Brookfield Road, Warren, Worcester County, Massachusetts.

### Jurisdiction

3. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise. There are federal questions of law and the amount in controversy is in excess of $75,000.00.

**Facts**

4. The Plaintiff was diagnosed with stage four (4) lymphoma in or around March 2010. After undergoing chemotherapy and radiation treatment, the lymphoma went into remission in or around June 2010.

5. In or around 2015, the Plaintiff was diagnosed with hemolytic anemia which causes the Plaintiff to have low red and white blood cells, low platelets and alopecia.

6. The Plaintiff is a qualified disabled person under state and federal law.

7. In or around August 2018, the Plaintiff began his employment with the Defendant as a middle school Spanish teacher.

8. The Plaintiff performed his job responsibilities well throughout the course of his employment with the Defendant. The Defendant always gave the Plaintiff positive performance reviews and in or around October 2021, the Plaintiff was awarded Teacher of the Month.

9. In or around January 2022, the Plaintiff was diagnosed with COVID-19.

10. In or around July 2022, the Plaintiff was diagnosed with an unknown inflammatory disease that physicians suspect may be linked to COVID-19 ("inflammatory disease" hereinafter). To date, the Plaintiff's physicians have been unable to determine the actual diagnosis.

11. In or around July 2022, the inflammatory disease caused the Plaintiff's right knee to become severely swollen and filled with fluid. The swelling and fluid in the Plaintiff's right knee affected his daily life activities where walking and mobility became excruciatingly painful.

12. In or around July 2022, the Plaintiff's left knee also became severely swollen and filled with fluid. The Plaintiff required a walker to mobilize.

13. In or around July 2022, the Plaintiff's oncologist conducted a Position Emission Tomography ("PET") Scan and a biopsy of the Plaintiff's bone marrow because the Plaintiff's platelet levels were so low. The Plaintiff's oncologist then referred him to a specialist in Boston to address the inflammatory disease. The specialist ran multiple tests and placed the Plaintiff on prednisone and other medications which ended up causing damage to the Plaintiff's liver. The specialist later changed the Plaintiff's medications and attempted to taper the Plaintiff off of the prednisone. However, the inflammation in the Plaintiff's knees returned.

14. The Plaintiff was due to return to work for the 2022-2023 school year on or about August 30, 2022. However, due to the medications he was taking and his overall health, which was poor, the Plaintiff was unable to return to work at that time.

15. The Plaintiff began a twelve (12) week leave of absence under the Family Medical Leave Act ("FMLA"). The Plaintiff was due to return to work on or about November 22, 2022.

16. At the Plaintiff's request, the Plaintiff met with Principal Steven Duff and Interim Superintendent Maureen Binienda to discuss his return to work. The Plaintiff was still very ill due to his treatment schedule and the effects of that treatment. The Plaintiff offered that he could return to work the following month and teach remotely. The Defendant denied the Plaintiff's request to teach remotely and did not offer any alternate suggestions to accommodate the Plaintiff upon his anticipated return to work.

17. On or about November 9, 2022, Interim Payroll and Benefits Coordinator Drew Damien emailed the Plaintiff stating that the Defendant had "processed [his] final paycheck relative to [his] teaching position at [the Defendant]." Damien also stated in the email that the Plaintiff's health insurance coverage, which he received as an employee of the Defendant, would be cancelled as of November 20, 2022, and that the Plaintiff's FMLA remained in effect until November 22, 2022.

18. The Plaintiff, confused as to why he was receiving his final paycheck and that his health insurance coverage was being terminated, reached out to Damien and asked that his FMLA leave be extended. Damien advised the Plaintiff that he had exhausted all of his FMLA leave and that it could not be extended at that time.

19. On or about November 11, 2022, the Plaintiff was instructed to provide the Defendant with a note from his physician clearing him to return to work by no later than November 18, 2022.

20. On or about November 15, 2022, Binienda called the Plaintiff on the telephone and instructed the Plaintiff that he had to return to work by no later than November 21, 2022, or else his employment would be terminated and he would have to reapply for his position.

21. On or about November 17, 2022, the Plaintiff provided the Defendant with documentation from his physician clearing him to return to work on a part-time basis beginning November 21, 2022 and ending December 12, 2022, at which time the Plaintiff would begin working full-time. The Defendant initially denied the Plaintiff's request but eventually approved it after the Plaintiff got the teacher's union and the

school's counsel involved. The Plaintiff's request was finally approved on November 18, 2022.

22. The Plaintiff returned to work, working part days, on or about November 21, 2022.

23. On or about November 26, 2022, the Plaintiff fell extremely ill and was out of work until on or about December 6, 2022. The Plaintiff was ultimately diagnosed with pneumonia.

24. The Plaintiff returned to working part days on or about December 6, 2022, but was still extremely ill.

25. On or about December 12, 2022, the Plaintiff notified Duff that he could no longer return to work full-time as he was having extreme difficulty even working part-time. Duff told the Plaintiff that he was sorry to hear that, said it was not an issue and asked the Plaintiff to provide him with his lesson plans for his class as he had been doing since the beginning of the school year. The Plaintiff provided Duff with the requested lesson plans and went out of work.

26. On or about December 12, 2022, Union President Charlene Vallee called the Plaintiff on the telephone and informed the Plaintiff that Binienda and Duff had called her into their office and told her that they were terminating the Plaintiff's employment.

27. From that point on, nobody from the Defendant requested the Plaintiff's lesson plans from him again.

28. On or about December 13, 2022, President of Massachusetts Teachers Association Ben Roy called the Plaintiff on the telephone and instructed the Plaintiff to decide whether or not he was going to resign from his employment or be terminated. Roy also informed the Plaintiff that if he agreed not to sue the Defendant that they would

give him a small severance. Roy demanded the Plaintiff decide that same day but the Plaintiff declined to do so.

29. On or about December 19, 2022, Binienda emailed the Plaintiff asking the Plaintiff if he wanted to resign from his employment with the Defendant. The Plaintiff never responded.

30. The Plaintiff has satisfied the prerequisites to filing suit.

## Count I
### (Americans with Disabilities Act ("ADA") – Real or Perceived Disability Discrimination – 42 U.S.C. § 12101 et. seq.)

31. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

32. The Plaintiff is a qualified disabled person.

33. The Plaintiff was treated adversely because of his disability.

34. The Plaintiff requested reasonable accommodations for his disability, and the Defendant took adverse action against the Plaintiff for requesting such accommodations.

35. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability.

36. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Richard Rock, respectfully requests a judgment against the Defendant, Quaboag Regional School District, and for all damages available pursuant to the ADA.

## Count II
### (ADA – Denial of Reasonable Accommodations – 42 U.S.C. § 12101 et. seq.)

37. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

38. The Plaintiff is a qualified disabled person.

39. The Plaintiff was treated adversely because of his disability.

40. The Plaintiff requested reasonable accommodations for his disability, and the Defendant denied the Plaintiff those requested accommodations and took adverse action against the Plaintiff for requesting same.

41. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability.

42. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Richard Rock, respectfully requests a judgment against the Defendant, Quaboag Regional School District, and for all damages available pursuant to the ADA.

## Count III
### (ADA – Retaliation – 42 U.S.C. § 12101 et. seq.)

43. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

44. The Plaintiff was treated adversely because of his disability.

45. The Plaintiff requested reasonable accommodations for his disability status.

46. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability status and for his requests for accommodation.

47. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Richard Rock, respectfully requests a judgment against the Defendant, Quaboag Regional School District, and for all damages available pursuant to the ADA.

## Count IV
**(Family and Medical Leave Act ("FMLA") – Interference - 29 U.S.C. § 2611 et. seq.)**

48. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

49. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's requests for leave and for his invoking his rights under the FMLA.

50. The Plaintiff was severely and adversely affected by the conduct of the Defendant and the failure of the Defendant to take reasonable steps to ensure that the Plaintiff's FMLA rights were made available to him.

51. The conduct of the Defendant amounts to a clear intentional and willful violation of the relevant provisions of the FMLA as cited above.

WHEREFORE, the Plaintiff, Richard Rock, respectfully requests a judgment against the Defendant, Quaboag Regional School District, and for all damages available pursuant to the FMLA.

## Count V
### (FMLA – Retaliation - 29 U.S.C. § 2611 et. seq.)

52. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

53. The Plaintiff believes that he was terminated based upon his attempts to invoke his rights under the FMLA.

54. The Plaintiff was severely and adversely affected by the conduct of the Defendant and the failure of the Defendant to take reasonable steps to ensure that the Plaintiff's rights were made available to him under the FMLA.

55. The conduct of the Defendant amounts to intentional and willful violations of the FMLA.

WHEREFORE, the Plaintiff, Richard Rock, respectfully requests a judgment against the Defendant, Quaboag Regional School District, and for all damages available pursuant to the FMLA.

## Count VI
### (M.G.L. c. 151B – Real or Perceived Disability Discrimination)

56. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

57. The Plaintiff is a qualified disabled person.

58. The Plaintiff was treated adversely because of his disability.

59. The Plaintiff requested reasonable accommodations for his disability, and the Defendant took adverse action against the Plaintiff for requesting such accommodations.

60. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability.

61. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Richard Rock, respectfully requests a judgment against the Defendant, Quaboag Regional School District, and for all damages available pursuant to M.G.L. c. 151B.

## Count VII
### (M.G.L. c. 151B – Denial of Reasonable Accommodations)

62. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.
63. The Plaintiff is a qualified disabled person.
64. The Plaintiff was treated adversely because of his disability.
65. The Plaintiff requested reasonable accommodations for his disability, and the Defendant denied his requests for accommodation and took adverse action against the Plaintiff for requesting such accommodations and terminated the Plaintiff's employment.
66. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability and requested reasonable accommodations.
67. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Richard Rock, respectfully requests a judgment against the Defendant, Quaboag Regional School District, and for all damages available pursuant to M.G.L. c. 151B.

## Count VIII
### (M.G.L. c. 151B – Retaliation)

68. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

69. The Plaintiff was treated adversely because of his disability.

70. The Plaintiff resisted the discrimination against him based upon his disability.

71. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's disability and the Plaintiff's request for accommodations.

72. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Richard Rock, respectfully requests a judgment against the Defendant, Quaboag Regional School District, and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL AGAINST THE DEFENDANT ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE RULES OF CIVIL PROCEDURE OTHERWISE.**

Respectfully submitted,

The Complainant
RICHARD ROCK
By His Attorney

| | |
|---|---|
| */s/ Jonathan P. Labonte* | Dated: August 31, 2023 |

JONATHAN P. LABONTE, ESQ.
BBO No. 695332
Murphy McCoubrey
272 Exchange Street
Post Office Box 237
Chicopee, Massachusetts 01014
Telephone No. (413) 313-3889
Facsimile No. (413) 594-7409
Email: jackplabonte@gmail.com